IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OUATI K. ALI,

                                                     ORDER

                Petitioner,

                                                  10-cv-706-bbc

     v.

WILLIAM POLLARD,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Ouati Ali, a prisoner at the Green Bay Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the $5 filing fee.  The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

       Petitioner was convicted of second degree sexual assault of a child in 2007 and was sentenced to 14 years in prison.  The Wisconsin Court of Appeals summarily affirmed the conviction on October 20, 2009; the Wisconsin Supreme Court denied review on March 9, 2010.

       Petitioner raises five claims in his petition: (1) the 14-year delay between the alleged crime and the filing of the criminal complaint violated his right to due process; (2) the 14-

1

year delay violated the ex post facto clause; (3) insufficient evidence existed to convict him beyond a reasonable doubt; (4) the requirement to register as a sex offender violates the ex post facto clause; (5) his counsel was ineffective for failing to raise his claims under the due process clause and ex post facto clause "in a post-conviction motion."

The Wisconsin Court of Appeals has addressed two of these claims. It rejected petitioner's sufficiency of the evidence claim on the merits and stated the following about his claim under the due process clause:

> [T]he issue is probably waived because it was never raised in circuit court. That not withstanding, Ali does not clearly explain how the State delayed the case with an improper purpose, so as to obtain an advantage. He simply notes that detectives could have spoken with the victim during that time, but did not. This is not enough to establish improper purpose. Furthermore, because Ali did not raise this issue in circuit court, there is no evidentiary record upon which he can argue actual prejudice.

Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). When the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet, 390 F.3d at 514. The procedural default doctrine requires that state prisoners "not only become ineligible for state relief

2

before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." O'Sullivan, 526 U.S. at 854 (Stevens, J., dissenting). Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Petitioner's sufficiency of the evidence claim is the only one that he presented to both the trial court and the court of appeals. However, he says that he did not raise the other claims because his counsel refused to present them, and it is true that ineffective assistance of counsel can establish "cause" for a procedural default. However, in Edwards v. Carpenter, 529 U.S. 446 (2000), the Supreme Court held that because the assertion of ineffective

3

assistance as a cause to excuse a procedural default in a § 2254 petition is itself a constitutional claim, the petitioner must have raised this claim first to the state court or he has procedurally defaulted it. Id. at 452-53. It appears that petitioner never presented a claim of ineffective assistance of either trial or appellate counsel to the state courts.

Thus, the question is whether petitioner still may exhaust his claims by presenting the claim of ineffective assistance of counsel to the state courts. 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). Wisconsin's statute governing post conviction motions, Wis. Stat. § 974.06, allows defendants to attack their convictions collaterally on constitutional grounds after expiration of the time for seeking a direct appeal or other post conviction remedy. However, a petitioner is procedurally barred from raising a claim in a post conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal. State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994); Wis. Stat. § 974.06(4). Ineffective assistance of post conviction or appellate counsel may provide a sufficient reason. State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel). Thus, there are avenues of relief available

4

to petitioner in the state courts through which he could present his claim that his lawyer was ineffective for failing to raise his additional claims on appeal. The fact that the state courts may not rule in petitioner's favor does not mean he can ignore the exhaustion requirement. Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995); White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993).

Rose v. Lundy, 455 U.S. 509 (1982), instructs federal district courts to dismiss a petition like petitioner's that presents a mix of exhausted and unexhausted claims. Id. at 510. Alternatively, the petitioner may choose to amend his petition by deleting the unexhausted claims and then proceed solely on the exhausted claim. Id., at 520. Under Rhines v. Weber, 544 U.S. 269, 277 (2005), courts may stay unexhausted claims in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application "close to the end of the 1-year" statute of limitations. Id. at 275.

In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. Crews v. Horn, 360 F.3d 146, 154 (3rd Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002)(same);

5

Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same).  In this case, petitioner's one-year limitations period did not begin to run until 90 days after March 9, 2010, the day the Wisconsin Supreme Court denied his petition for review.  Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court).  This leaves petitioner with approximately five months remaining on his federal clock in which to exhaust his state court remedies, if he chooses to do so, without jeopardizing the timeliness of any future federal habeas petition. Therefore, a stay of these proceedings would not be warranted in the event petitioner chooses to return to state court.

Before dismissing the petition, I will give petitioner the opportunity to decide whether he prefers to abandon his unexhausted claims and proceed solely on the one claim that has been exhausted, namely, his claim regarding sufficiency of the evidence.  In deciding which course of action to pursue, petitioner should consider the following:  if he decides to give up his unexhausted claims and present only the one that he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a subsequent federal habeas petition.  Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for

6

abuse of the writ). Petitioner should consider also that his chances of success on his unexhausted claims are slim unless he can support his conclusory allegations of ineffective assistance of counsel with specific facts that actually establish prejudice as required under Strickland v. Washington, 466 U.S. 668 (1984). Strickland holds that an error by counsel, even if professionally unreasonable, does not warrant setting aside a criminal judgment if the error had no effect on the judgment. Id. at 691.

ORDER

IT IS ORDERED that petitioner Ouati Ali has until January 21, 2010 to advise the court whether he wishes to pursue his unexhausted claims in state court or whether he prefers to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claim. If petitioner chooses to pursue his unexhausted claims in state court, or if he does not report his choice by the deadline, his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy. If petitioner

chooses to proceed, then I will screen petitioner's sufficiency of the evidence claim on the merits.

      Entered this 5th day of January, 2011.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge